RENDERED:  OCTOBER 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1273-MR

JAMES T. KNUCKLES, II                                               APPELLANT

v.
                        APPEAL FROM LAUREL CIRCUIT COURT
                        HONORABLE STEPHEN M. JONES, JUDGE
                        ACTION NO. 18-CI-00865

ASHLEY KNUCKLES                                                      APPELLEE

OPINION
REVERSING AND
REMANDING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE:  In this divorce action, James T. Knuckles, II, appeals an order

of the Laurel Family Court entered on September 25, 2020, that denied his motion

to alter, amend, or vacate orders entered on March 23, 2020, and May 7, 2020.

After our review, we reverse and remand.

James Knuckles and Ashley J. Knuckles married in January 2011.

They have two minor children.  Following a temporary custody hearing conducted

in October 2019, the matter was set for a final hearing to be held in December 2019.

When the parties appeared with counsel for the December 2019, final hearing, Ashley's attorney indicated that he could not stay as he had other obligations in another court room. The court dissolved the parties' marriage through a bifurcated decree, and a hearing was rescheduled for January 2020 to address the remaining issues of child custody, timesharing, and property division. However, Ashley's counsel failed to appear for the rescheduled final hearing. The circuit court again rescheduled the hearing and specifically barred a further continuance.

At the request of Ashley's counsel, James's attorney agreed to yet another continuance of one week. Consequently, the hearing was rescheduled for February 2020.

Once again, Ashley's counsel failed to appear for the rescheduled hearing. James's counsel resisted a further continuance and reported that Ashley had not filed the required final disclosure statement. Counsel indicated that Ashley had filed **nothing** whatsoever since her answer. The family court ordered the parties to submit written depositions and proposed orders by February 18, 2020.

James timely filed his written deposition and a proposed order, but Ashley filed nothing. Fourteen (14) days later, on March 3, 2020, the family court

entered a final order that was based on James's proposed order. The court left in place the children's equal timesharing schedule; set James's child support obligation; and distributed the parties' property and debt. James was awarded a mobile home, his truck, a bank account, and the household and personal property in his possession -- including a collection of Snap-On Tools. He was ordered to pay the outstanding debt. Ashley was awarded her vehicle, her bank account, and the household and personal property in her possession.

On March 10, 2020, Ashley tendered a proposed final order. She did not file a written deposition. The family court adopted this proposed order, and another final order was entered on March 11, 2020. James was now ordered to pay to Ashley $6,000.00 to equalize the distribution of personal property. The majority of the discrepancy in property value appeared to be based upon the value of James's Snap-On Tool collection, which was now valued by the court at $10,000.

On March 23, 2020, the court entered an order vacating both the order of March 3, 2020, and the order of March 11, 2020. The parties were ordered to tender new proposed final orders within twenty (20) days. James timely filed his proposed order. This proposed order contained the same provisions as the order entered on March 3, 2020.

Ashley's proposed order was not filed within the time allotted by the court. However, it was filed on April 16, 2020, and contained the same provisions

as the order entered on March 11, 2020. Ashley's written deposition was filed simultaneously.

The court's new final order was filed on May 7, 2020. It was based entirely upon Ashley's proposed order.

On May 15, 2020, James filed a motion to alter, amend, or vacate the orders of March 23 and May 7. He also filed a motion to strike Ashley's written deposition as it had been filed out of time. James argued that the family court erred by vacating its first final order of March 3, 2020, and that the valuation and distribution of property provided in the order of May 7, 2020, was not supported by the evidence.

On July 15, 2020, a new final order was entered. This was the same as the orders entered on March 11, 2020, and May 7, 2020, that were based upon Ashley's proposed orders. On August 12, 2020, James filed a motion for a ruling on his motion to alter, amend, or vacate. Additionally, he filed a motion to alter, amend, or vacate the order entered on July 15, 2020.

The order of the family court denying James's initial motion to alter, amend, or vacate was entered on September 25, 2020. Additionally, the order of July 15, 2020, was vacated as the court regarded it as having been "inadvertently entered a second time." This appeal followed.

James contends that the family court erred by vacating the order entered March 3, 2020 -- the first final order -- because Ashley never filed a motion to vacate, alter, or amend it. He also argues that the valuation and distribution of property provided by the order of May 7, 2020, was not supported by the evidence.

We need not address the merits of this appeal. Ashley has filed no brief, and we conclude that this matter is appropriate for disposition pursuant to the provisions of CR 76.12(8)(c). This rule of appellate procedure provides as follows:

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

CR 76.12(8)(c).

Based on these options provided by the rule, we elect to regard Ashley's failure to file a brief as a confession of error. Having reviewed the record before us, and in accordance with the provisions of CR 76.12(8)(c)(iii), we reverse the family court's order of September 25, 2020, denying James's motion to alter, amend, or vacate. Our reversal of the court's order is based solely on the omission

of appellee to file an appellate brief in this appeal rather than upon any error by the Laurel Circuit Court.

As a result of our holding, we summarize its effects as follows:

(1) we vacate the order of March 23, 2020 (which had vacated orders of March 2, 2020, and March 11, 2020);

(2) we vacate the order of May 7, 2020.

We note that the trial court properly vacated its order of July 15, 2020, as duplicative when it denied James's motion to alter, amend, or vacate its order of September 25, 2020. We reverse only as to its denial of the motion to alter, amend, or vacate the orders of March 23, 2020, and May 7, 2020.

We remand this matter to the Laurel Circuit Court for reinstatement of its original order of March 3, 2020, the relief requested by James, or for entry of a new final order in its discretion.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Jennifer Caudill Bundy
London, Kentucky